UNITED STATES DISTRICT COURT
SOUTHERN DISCTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
|     Plaintiff, | ) | |
| | ) | |
| | ) | |
| V. | ) | Cause No. 1:17-cr-00106-TWP-TAB-1 |
| | ) | |
| | ) | |
| JOSEPH PICKETT | ) | |
|     Defendant. | ) | |

**<u>DEFENDANT'S OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT</u>**

Comes now the Defendant, Joseph Pickett, and by counsel Mary Zahn, and pursuant to Federal Rule of Criminal Procedure 32, hereby files his objections to the Presentence Investigation Report (PSR) as follows:

1. Mr. Pickett objects to the information contained in the portion entitled Part A. The Offense, on page four of the Presentence Report (PSR). Specifically, paragraph six outlines the dates and conditions that were modified regarding the Defendant's release conditions. Specifically, Mr. Pickett would state to the best of his knowledge, that his release conditions were first modified on or about December 8, 2017, as the Court extended the Defendant's curfew per his request but denied, at that time, removing him from the GPS monitoring condition. Later, on or about August 31, 2018 the Court granted Probation and Defendant's request to be removed entirely from GPS monitoring and curfew. To date, the Defendant has been completely compliant with all terms of his release.

2. In paragraph eight, on page four, under the same portion of the PSR, Mr. Pickett objects to the Probation Officer's assertion that he ran the cross country marijuana trafficking operation with Kelly Spinks. Mr. Pickett asserts that he was not a leader or organizer of this operation and that Kelly Spinks was, at all times, the leader or organizer. Specifically, Mr. Pickett asserts that Kelly Spinks was the person who exercised decision-making authority. Mr. Pickett additionally asserts that he did not coordinate the members involved, did not recruit accomplices, did not participate in planning or organizing the trips to California, and did not exercise control or authority over others. Lastly, Kelly Spinks always received a greater share of the profits than anyone else.

3. Mr. Pickett objects to information contained in paragraph fourteen, on page five, under the portion entitled Offense Conduct. More specifically, Mr. Pickett objects to the information stating that he was in possession of 2.8 million dollars and thirty-five firearms at the office space. The office space was earlier referenced in paragraph nine of the PSR as being located at 1224 Indy Place in Indianapolis, Indiana. Mr. Pickett asserts that said location was leased to a girlfriend of Kelly Spinks. Mr. Pickett's name was not on the lease of said location.

4. Mr. Pickett seeks to clarify certain information contained in paragraph fifteen on page five of the PSR. Specifically, Mr. Pickett seeks to notify the Court that the three firearms found at this location were all found locked in a safe. This location was the home of Tara Bauer, the girlfriend of Pickett at the time, now his wife.

5. Mr. Pickett seeks to clarify certain information contained in paragraph sixteen on page five of the PSR. Specifically, Mr. Pickett does not refute that all of the items listed were found but seeks to notify the Court that he did not have an ownership interest in all of the items referenced.

6. Mr. Pickett objects to certain information contained in paragraph nineteen on page six of the PSR under the section entitled Adjustments for Acceptance of Responsibility. Specifically, Mr. Pickett believes the additional one level reduction should not be withheld because he timely notified the Assistant U.S. Attorney, Mr. Glickman, that he would be resolving this matter by pleading guilty. That the Defendant, through undersigned counsel, informed Mr. Glickman that he would be pleading guilty but that Pickett was undecided as to if he would be pleading guilty pursuant to the plea that was tendered by the Government or pleading open to the Court. Mr. Pickett would assert that the Government did not have to prepare for trial because of his timely notification and should, therefore, be entitled to the additional one point reduction.

7. Mr. Pickett objects to certain information contained in paragraph twenty-three on page six of the PSR under the section entitled Specific Offense Characteristics. Specifically, Pickett denies the use of a firearm in the conspiracy and would further assert that the firearms attributable to him were the three guns found in a locked safe at the residence of his then girlfriend, Tara Bauer, where the Defendant was also staying at the time. That no money or drugs were also found in the locked safe with the firearms. Mr. Pickett also states that approximately six to eight guns were located at his residence on Burke Avenue, however, those guns

were also located in a locked safe.  To Pickett's knowledge, no money or drugs were found at his residence on Burke Avenue.   Mr. Pickett believes possession of these guns found in the locked safes cannot be attributed to being used in the course of the conspiracy.  Due to the above-referenced facts, Pickett believes that the two level increase is misplaced and should not be included in his guideline calculation.

8. Mr. Pickett objects to the information contained in paragraph twenty-five on page six of the PSR under the section entitled Adjustment for Role in the Offense.  Specifically, Mr. Pickett states that he is not an organizer or leader of the conspiracy.  More specifically, Mr. Pickett moves to incorporate the reasons previously stated in paragraph two of this document.  Mr. Pickett states that Kelly Spinks, was, at all times, the leader / organizer of this conspiracy.  Additionally, Mr. Pickett did not have control or authority over any person in the conspiracy, and certainly did not have control over five people within the conspiracy.  Therefore, Mr. Pickett believes that the four level enhancement cited in this paragraph is misplaced and should not be included in his guideline computation.

9. Mr. Pickett objects to the information contained in paragraph twenty-seven on page six of the PSR.  Specifically, based on the reasons referenced above, Mr. Pickett believes that the adjusted base offense level for Count I should be thirty-two and not thirty-eight.

10. Mr. Pickett objects to certain information contained in paragraph twenty-eight on page six of the PSR.  Specifically, because Pickett believes that the two level

enhancement for the gun is not warranted, making the base offense level for Count V, thirty-two and not thirty-four.

11. Mr. Pickett objects to the information contained in paragraph thirty-one on page seven of the PSR in the section entitled Adjustment for the Role in the Offense. Specifically, Pickett states that he was not the leader or organizer of the conspiracy and would move to incorporate the previously outlined objection to this four level increase contained in paragraphs two and eight of this document. Pickett further would assert that for Count V, conspiracy to commit money laundering, that he was not an organizer or leader of a conspiracy to commit money laundering that involved five or more people or was otherwise extensive. To Pickett's knowledge, he was the only Defendant charged in Count V. Therefore, Pickett believes the four level increase is misplaced and should not be included in his guideline calculation for Count V.

12. Mr. Pickett objects to certain information contained in paragraphs thirty-three and thirty-four on page seven of the PSR.  Specifically, for the reasons referenced above, Pickett believes that his adjusted offense level should be thirty-four and not forty.  Additionally, the greater of the two offense levels would be thirty-four and not forty.

13. Mr. Pickett objects to not receiving the additional one level reduction outlined in paragraph thirty-six on page seven of the PSR for the same reasons stated in paragraph six of this document.  Pickett believes he is entitled to the full three level reduction.

14. Pickett objects to the information contained in paragraph thirty-seven on page seven of the PSR.  Specifically, based on the reasons stated above, Pickett believes his total offense level should be thirty-one and not thirty-eight.

15. Mr. Pickett seeks to clarify certain information contained in paragraph forty-six on page eight of the PSR under the section entitled Offender Characteristics.  Mr. Pickett would state that his biological father was a furniture mover and not a furniture maker.

16. Mr. Pickett seeks to clarify certain information contained in paragraph forty-seven on page nine of the PSR.  Specifically, Pickett would state that his brother, Preston is age fifty-three and that his brother, Brian, is age fifty-two.

17. Mr. Pickett seeks to clarify certain information contained in paragraph sixty-six on page eleven of the PSR under the section entitled, Financial Condition.  Specifically, Mr. Pickett would like the Court and Probation to know that he did submit his financial documentation, although it was outside the requested timeline.  Mr. Pickett attempted to fax the documentation from a local office and was unaware that the fax was not successfully transmitted.  More than a week went by until Pickett became aware of the unsuccessful transmission but that once he became aware of this, that he then resubmitted said documentation to Probation.

Respectfully submitted,

/s/: Mary K. Zahn
Mary K. Zahn
Attorney for Defendant

Mary K. Zahn, #23200-49
ZAHN & DEAL
22 East Washington Street
Suite 600
Indianapolis, IN  46204
317-632-0000
mary@zdflaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 2, 2019, a copy of the foregoing motion was filed electronically.  Service of this filing will be made on all ECF registered counsel by operation of the Court's electronic filing system.   Parties may access this filing through the Court's system.

/s/:  Mary K. Zahn
Mary K. Zahn

Mary K. Zahn, #23200-49
ZAHN & DEAL
22 East Washington Street
Suite 600
Indianapolis, IN  46204
317-632-0000
mary@zdflaw.com