UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Cause No. 1:17-cr-106-TWP-TAB-01 |
| JOSEPH PICKETT, SR., | ) ) |
| Defendant. | ) |

**PETITION TO ENTER PLEA OF GUILTY AND PLEA AGREEMENT**

The United States of America, by counsel, Josh J. Minkler, United States Attorney for the Southern District of Indiana, and, Barry D. Glickman, Assistant United States Attorney ("the United States"), and the defendant, Joseph Pickett, Sr. ("the defendant"), in person and by counsel, Mary K. Zahn and Dennis E. Zahn, hereby inform the Court that a Plea Agreement has been reached in this case pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). The following are its terms and conditions:

**Part 1:  Guilty Plea and Charge(s)**

**1.** **Plea of Guilty:** The defendant, petitions the Court for leave to enter and agrees to enter a plea of guilty to the following offenses charged in the Indictment:

**a.** Count One which charges that the defendant committed the offense of Conspiracy to Possess with Intent to Distribute and/or Distribute 1,000 Kilograms or More of a Mixture or Substance Containing a Detectable Amount of Marijuana, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A)(vii) and 846.

   **b.** Count Five which charges the defendant committed the offense of Conspiracy to Commit Money Laundering, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i) and 1956(h).

  2. **Potential Maximum Penalties**: The offense charged in Count One of the indictment is punishable by a sentence of not less than ten years and not more than life imprisonment, a fine of not more than $10,000,000.00, and not less than five years supervised release following any term of imprisonment. The offense charged in Count Five of the indictment is punishable by a sentence of not more than twenty years imprisonment, a fine of not more than $500,000.00, and not more than three years supervised release following any term of imprisonment.

  3. **Elements of the Offense:** To sustain the offense to which the defendant is pleading guilty in Count One of the indictment, the United States must prove the following elements beyond a reasonable doubt:

  First, that the alleged conspiracy to possess with the intent to distribute and/or distribute existed;

  Next, that the conspiracy involved 1,000 kilograms or more of a mixture or substance containing a detectable amount of marijuana; and,

  The defendant knowingly and intentionally became a member of that conspiracy.

  To sustain the offense to which the defendant is pleading guilty in Count Five of the indictment, the United States must prove the following elements beyond a reasonable doubt:

  First, a conspiracy to launder monetary instruments existed; and

  The defendant knowingly joined this conspiracy.

## Part 2:  General Provisions

4.  **Sentencing Court's Discretion Within Statutory Range:**  The defendant agrees and understands that: (A) the Court will use its discretion to fashion a sentence within the statutory range(s) set forth above; (B) the Court will consider the factors set forth in 18 U.S.C. § 3553(a) in determining the appropriate sentence within the statutory range(s); (C) the Court will also consult and take into account the United States Sentencing Guidelines ("Sentencing Guidelines" or "U.S.S.G.") in determining the appropriate sentence within the statutory range(s); (D) the Sentencing Guidelines are not mandatory or binding on the Court, but are advisory in nature; (E) restitution may be imposed; (F) by pleading "Guilty" to more than one offense (Count), the Court may order the sentences to be served consecutively one after another; (G) the final determination concerning the applicable advisory guideline calculation, criminal history category, and advisory sentencing guideline range will be made by the Court; and (H) by pleading "Guilty," the Court may impose the same punishment as if the defendant had plead "Not Guilty," had stood trial and been convicted by a jury.

5.  **Sentencing Court Not Bound by Guidelines or Recommendations:**  The defendant acknowledges that this Plea Agreement is governed by Federal Rule of Criminal Procedure 11(c)(1)(B) and that the determination of the defendant's sentence is within the discretion of the Court.  The defendant understands that if the Court decides to impose a sentence higher or lower than any recommendation of either party, or determines a different advisory sentencing guideline range applies in this case, or decides to impose a sentence outside of the advisory sentencing guideline range for any reason, then the defendant will not be permitted to withdraw this plea of guilty for that reason and will be bound by this plea of guilty.

6.  **Rights Under Rule 11(b), Fed. R. Crim. P.:**  The defendant understands that the

3

United States has the right, in a prosecution for perjury or false statement, to use against the defendant any statement that the defendant gives under oath during the guilty plea colloquy. The defendant also understands that the defendant has the right: (A) to plead not guilty, or having already so pleaded, the right to persist in that plea; (B) to a jury trial; (C) to be represented by counsel--and if necessary have the court appoint counsel--at trial and at every other stage of the proceedings, including appeal; and (D) to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses. The defendant also understands that the Constitution guarantees the right to be considered for release until trial[1]; and if found guilty of the charges, the right to appeal the conviction on such charges to a higher court. The defendant understands that if the Court accepts this plea of guilty, the defendant waives all of these rights.

<strong><u>Part 3:  Sentence of Imprisonment</u></strong>

7. **Sentencing Recommendation Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):** The parties have **not** agreed upon a specific sentence. The parties reserve the right to present evidence and arguments concerning what they believe to be the appropriate sentence in this matter.

8. **Supervised Release:** Both parties reserve the right to present evidence and arguments concerning whether the Court should impose a term of supervised release to follow any term of imprisonment in this case, the duration of any term of supervised release, and the terms and conditions of the release.

9. **Conditions of Supervised Release:** The parties understand and agree that the

---

[1] Title 18, U.S.C. §§ 3141-3156, <u>Release and Detention Pending Judicial Proceedings</u>.

Court will determine which standard and special conditions of supervised release to apply in this case. The parties reserve the right to present evidence and arguments concerning these conditions.

### Part 4:  Monetary Provisions and Forfeiture

**10.** **Mandatory Special Assessment:** The defendant will pay a total of $200.00 on the date of sentencing or as ordered by the Court to the Clerk, United States District Court, which amount represents the mandatory special assessment fee imposed pursuant to 18 U.S.C. § 3013.

**11.** **Obligation to Pay Financial Component of Sentence**:  If the defendant is unable to pay any financial component of the defendant's sentence on the date of sentencing, then the defendant agrees that the payment of the financial component should be a condition of supervised release as well as an ordered payment through the Inmate Financial Responsibility Program of the U.S. Bureau of Prisons.  The defendant has a continuing obligation to pay the financial component of the sentence.  The defendant further agrees that as of the date of filing this Plea Agreement the defendant will provide all requested financial information, including privacy waivers, consents, and releases requested by the United States to access records to verify the defendant's financial disclosures, to the United States for use in the collection of any fines, restitution, and money judgments imposed by the Court and authorizes the United States to obtain credit reports relating to the defendant for use in the collection of any fines and restitution, and money judgments imposed by the Court.  The defendant also authorizes the United States to inspect and copy all financial documents and information held by the United States Probation Office.  If the defendant is ever incarcerated in connection with this case, the defendant will

participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments.

**12.** **Forfeiture:** The defendant admits that the property listed below constitutes contraband, was used to facilitate, or constitutes the fruits of the commission of the offense(s) to which the defendant is pleading guilty, and, therefore, is subject to forfeiture to the United States. The defendant states that he is the sole owner and/or the sole agent of Zen Trucking, LLC, and that he warrants and represents that he possesses full authority to bind Zen Trucking, LLC, to the terms of this agreement. The defendant, on his own behalf and on behalf of Zen Trucking, LLC, abandons all right, title, and interest in the property listed below so that proper disposition, including destruction, may be made thereof by federal, state, or local law enforcement agencies involved in the investigation of the defendant's criminal activity, without further notice or obligation whatsoever owing to the defendant or Zen Trucking, LLC. The defendant further agrees on his own behalf and on behalf of Zen Trucking, LLC, to not contest any forfeiture action brought against and consents to the forfeiture of any of the property listed below, whether any such forfeiture action is administrative, judicial, civil, or criminal, and agrees not to contest any use or destruction of any of the property listed below by any federal, state, or local law enforcement agency:

- $799,870.00 U.S. Currency; (Asset Identification Number 17—DEA-629303)
- One 2015 Chevrolet Silverado LTZ vehicle ( Asset Identification Number 17—DEA-630381)
- One 2007 American Eagle M-45D Motorhome (Asset Identification Number 17—DEA-630394)

- One 2002 Dutch Star M-385-2 Recreational Vehicle (Asset Identification Number 17—DEA-630382)
- One 2005 Chevrolet Corvette (Asset Identification Number 17—DEA-630413)
- One 2008 Harley Davidson FLHTCU Classic Electric Glide (Asset Identification Number 17—DEA-630417)
- 2014 Dodge Ram 2500 Longhorn (Asset Identification Number: 17-DEA-630438)
- 2016 Homesteader Patriot 824 Trailer (Asset Identification Number: 17-DEA-630439)
- 1949 Chevrolet Thriftmaster 3100 Pick-up (Asset Identification Number 17-DEA-630445)
- 1970 Plymouth Road Runner (Asset Identification Number 17-DEA-630447)
- 2016 GMC Sierra Denali Pickup Truck (Asset Identification Number 17-DEA-630450)
- 2012 Harley Davidson FLHX Street Glide (Asset Identification Number 17-DEA-630524)
- One Ruger LC9S 9 mm Semiautomatic Handgun (S/N 451-59937)
- One Ruger LC9S 9 mm Semiautomatic Handgun (S/N 451-59949)
- One Taurus .357 Magnum Handgun (S/N EU465465)
- $2,816,805.00 U.S. Currency (Asset Identification Number 17-DEA-630345)
- 2005 Harley Davidson FLTRI Road Glide (Asset Identification Number 17-DEA-630414)
- 2012 Arctic Cat Wildcat 1000i (Asset Identification Number 17-DEA-630416)
- 2009 Jeep Wrangler Unlimited (Asset Identification Number 17-DEA-630430)
- One Men's Rolex Oyster Perpetual President Wrist Watch
- One 14 KT Yellow Gold Man's Diamond Bracelet
- One 14 KT Gold Hand Assembled Diamond Side Pendant and Chain

Case 1:17-cr-00106-TWP-TAB   Document 269   Filed 02/28/19   Page 8 of 20 PageID #: 1124

- One 14 KT Gold Hand Assembled Diamond Side Pendant
- 1 Sig Sauer (SIG-ARMS) 1911 .45 Caliber Pistol Serial No. 54B103649
- 1 Harrington and Richardson 622 .22 Caliber Pistol Serial No. U28424
- 1 Sig Sauer (SIG-ARMS) P238 .380 Caliber Pistol Serial No. 27A064559
- 1 Zastava M59/66 762 Caliber Rifle Serial No. G222560
- 1 Kimber Ultra Shadow LE II .45 Caliber Pistol Serial No. KUSLE267
- 1 Winchester 1300 12 Caliber Shotgun Serial No. L2249505
- 1 F.N. (FN HERSTAL) PS90 57 Caliber Rifle Serial No. FN089696
- 1 Smith & Wesson M&P 15 5.56 Caliber Rifle Serial No. SP75407
- 1 Colt New Agent .45 Caliber Pistol Serial No. GT13941
- 1 Ruger Mini 30 762 Caliber Rifle Serial No. 189-49114
- 1 Izhmash (IMEZ) Saiga 762 Caliber Rifle Serial No. H04740222
- 1 Smith & Wesson Governor 45/410 Caliber Rifle Serial No. CUV5161
- 1 Keltec, CNC Industries, Inc. .9 Caliber Rifle Serial No. E0603
- 1 Smith & Wesson 629 .44 Caliber Rifle Serial No. CXZ1864
- 1 Glock GMBH 30 .45 Caliber Pistol Serial No. PGK497
- 1 Bushmaster Firearms XM-15-E2S 223 Caliber Pistol Serial No. L2008123
- 1 Taurus .38 Caliber Revolver Serial No. LH98147
- 1 Twin Pines, Inc. .45 Caliber Pistol Serial No. RIA1001560
- 1 Sig Sauer (SIG-ARMS) SIG 516 556 Caliber Machinegun Serial No. 20F007582
- 1 Smith & Wesson SW1911 .45 Caliber Pistol Serial No. JRF5649
- 1 MAG Tactical Systems, LLC MG-G4 556 Caliber Rifle Serial No. MTS42846
- 1 Nighthawk Custom .45 Caliber Pistol Serial No. NCP12431

- 1 Superior Arms, Inc. S15 57 Caliber Pistol Serial No. 10636
- 1 Mossberg 12 Caliber Shotgun Serial No. K749149
- 1 Arsenal Co. Bulgaria SA 93 762 Caliber Rifle Serial No. AB345116
- 1 Glock, 17 9 MM Pistol Serial No. PKV005
- 1 German Sports Guns GSG-1911 .22 Caliber Pistol Serial No. A431970
- 1 Taurus 44 .44 Caliber Pistol Serial No. NL169362
- 1 Kahr Arms-Auto Ordnance CW45 .45 Caliber Pistol Serial No. SG8454
- One Mossberg & Sons .22 Caliber Rifle with an Obliterated Serial Number
- One Marlin Glenfield Model 25 Rifle Serial No. I9421732
- One Mossberg 500A Shotgun Serial No. P4282196
- One Marlin Glenfield Model 25 Rifle Serial No. 24628758
- One Remington Model 597 Rifle Serial No. A2671018
- One Cabelis Black Powder Rifle Serial No. 365269
- One Dart Black Powder Rifle Serial No 2592
- One Remington Arms 870 Express Shotgun Serial No. B073832M (Asset Identification Number 17-DEA-641366)

The defendant consents to the entry of orders of forfeiture for such property and waives the requirements of Rules 32.2 and 43(a), Fed. R. Crim. P., regarding notice of the forfeiture in the charging document, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise the defendant of this, pursuant to Rule 11(b)(1)(J), at the time the defendant's guilty plea is accepted.

The defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment.

### Part 5:  Factual Basis for Guilty Plea

**13.** The parties stipulate and agree that the following facts establish a factual basis for the defendant's plea of guilty to the offense set forth in Paragraph One, above, and that the United States would be able to establish the following facts beyond a reasonable doubt in the event this cause was to proceed to trial. The following information is only a summary of the United States' evidence. This Plea Agreement is not intended to foreclose the presentation of and the United States reserves the right to present additional evidence at the time of sentencing.

   a.   An investigation conducted by the U.S. Drug Enforcement Administration, Indianapolis District Office, led to the discovery of an Indianapolis, Indiana based, large scale, cross-country marijuana drug trafficking organization that was run by JOSEPH PICKETT, SR., and KELLY JOE SPINKS, JR., and operated from 2015 through March of 2017.

   b.   The investigation revealed that beginning in 2015 and continuing through March of 2017, JOSEPH PICKETT, SR., KELLY JOE SPINKS, JR., DARRELL PICKETT and others traveled to California and obtained anywhere between 100 pounds (45.45 kilograms) and 700 pounds (318.18 kilograms) of marijuana per trip from sources of supply in California. These trips to California occurred roughly every two to three weeks during the previously indicated period of time. The marijuana was then transported from California to Indianapolis, Indiana where it was stored and ultimately redistributed by PICKETT, SR., SPINKS, JR., DARRELL PICKETT and others, including SHEILA STEPP and WILLIAM BELLEW, JR.

      c.      From approximately June of 2016, continuing through March of 2017, JOSEPH PICKETT, SR., entered into an agreement with LEONARD ALLEN, whereby ALLEN, through his business, Pallet Depot, LLC, issued checks to Zen Trucking, LLC, a business owned by PICKETT, SR., to pay various expenses incurred by PICKETT, SR. At a later date, PICKETT, SR., would re-pay ALLEN with proceeds of his marijuana distribution operation. Included in those expenses were funds to pay PICKETT, SR.'s American Express credit card account which was in turn used to purchase airline tickets from Indianapolis to northern California to secure loads of marijuana and packaging materials which were later used to facilitate marijuana distribution. During this period of time, approximately $261,000.00 was paid to Zen Trucking and PICKETT, SR., and later re-paid in United States currency to ALLEN.

      d.      On September 6, 2016, KELLY JOE SPINKS, JR., and another individual purchased a 2016 Dodge Charger automobile, VIN: 2C3CDXL90GH291386, for approximately $53,060 in United States currency from Westgate Chrysler Jeep Dodge, Inc., in Plainfield, Indiana. SPINKS, JR. used funds derived from the unlawful distribution of marijuana to engage in the purchase of the Dodge Charger.

      e.      On February 8, 2017, JOSEPH PICKETT, SR., KELLY JOE SPINKS, JR., and DARRELL PICKETT travelled in an American Eagle Motor Home from Indianapolis, Indiana to Anderson, California, where they procured a large amount of marijuana. The marijuana was placed into pallet-like containers and transported back to Indianapolis on a semi-truck with a flatbed trailer.

      f.      On February 17, 2017, JOSEPH PICKETT, SR., KELLY JOE SPINKS, JR., and DARRELL PICKETT arrived from California in an American Eagle Motor Home and went to a warehouse located at 1849 Stout Field East Drive, in Indianapolis, Indiana. A short time later,

the semi-truck with the flatbed trailer arrived at the warehouse, where the pallets containing the marijuana were unloaded into the warehouse. KELLY JOE SPINKS, JR., and DARRELL PICKETT subsequently placed several black trash bags containing marijuana inside a storage locker at the Storage Express located at 9201 West Washington Street in Indianapolis, Indiana.

   g. On or about March 9, 2017, JOSEPH PICKETT, SR., KELLY JOE SPINKS, JR., and DARRELL PICKETT travelled from Indianapolis in an American Eagle Motor Home and headed west toward California to obtain a large amount of marijuana. PICKETT, SR., SPINKS, JR., and PICKETT were in possession of $799,870.00 in U.S. currency, which was proceeds from the unlawful distribution of marijuana. PICKETT, SR., SPINKS, JR., and PICKETT intended to purchase marijuana with the $799,870.00 in U.S. currency, when law enforcement stopped them in Nebraska.

   h The drug trafficking organization procured and distributed over 8,000 pounds (3,636 kilograms) of marijuana during the course of the charged conspiracy. JOSEPH PICKETT, SR.'s involvement in the conspiracy revealed that 3,636 kilograms of marijuana were reasonably foreseeable to him.

### Part 6:  Other Conditions

**14.** **Background Information:** The defendant acknowledges and understands that no limitation shall be placed upon the Court's consideration of information concerning the background, character, and conduct of the defendant for the purpose of imposing an appropriate sentence. The defendant acknowledges and understands that the United States is not prohibited from providing information concerning background, character, and conduct of the defendant for the purpose of recommending or advocating an appropriate guideline calculation and sentence.

### Part 7:  Sentencing Guideline Stipulations

**15. Guideline Computations:** Pursuant to Section 6B1.4 of the Sentencing Guidelines, the parties agree to the Stipulations below. The parties understand and agree that these Stipulations are binding on the parties but are only a recommendation to the Court and that the Court will determine the advisory sentencing guidelines applicable in this case. The parties agree that no stipulation regarding any factors in Chapter 4, Criminal History Category, of the Sentencing Guidelines has been made, and that such determination will be made by the Court. The 2016 version of the Sentencing Guidelines has been used by the parties to make the stipulations set forth below.

The parties agree that the base offense level for the charge in Count One of the indictment is 32, pursuant to §2D1.1(c)(4).

The parties further agree that the base offense level for the charge in Count Five of the indictment is 32 pursuant to §2S1.1(a)(1).

The parties further agree that because the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive, the defendant's base offense level should be increased by four levels pursuant to §3B1.1.

**b. Acceptance of Responsibility:** To date, the defendant has demonstrated a recognition and affirmative acceptance of personal responsibility for the defendant's criminal conduct. Based upon the defendant's willingness to accept a Plea Agreement and enter a plea of guilty to the criminal conduct noted in this agreement [and the defendant's agreement to cooperate in and not to contest the forfeiture of the property described above], the United States agrees that the defendant should receive a two (2) level reduction *provided* the defendant satisfies the criteria set forth in Guideline § 3E1.1(a) up to and including the time of sentencing. The defendant timely notified the United States of defendant's intention to enter a plea of guilty,

thereby permitting the United States and the Court to allocate their resources efficiently. After the Defendant enters a plea of guilty, the United States intends to inform the Court pursuant to U.S.S.G. § 3E1.1(b) and request that the Court decrease the offense level by one (1) additional level. The parties reserve the right to present evidence and arguments concerning the defendant's acceptance of responsibility at the time of sentencing.

      **c.**    **Final Offense Level:**  33

### Part 8:  Waiver of Right to Appeal

**16.**    **Direct Appeal:**  The defendant understands that the defendant has a statutory right to appeal the conviction and sentence imposed and the manner in which the sentence was determined.  Acknowledging this right, and in exchange for the concessions made by the United States in this Plea Agreement, in the event the defendant is sentenced to a term of 168 months imprisonment or less, the defendant expressly waives the defendant's right to appeal the conviction imposed in this case on any and all grounds, including the right to appeal conferred by 18 U.S.C. § 3742.  This waiver of appeal specifically includes any and all provisions of the guilty plea and sentence imposed, including the length and conditions supervised release and the amount of any fine. The defendant further expressly waives any and all challenges to the statute or statutes to which the defendant is pleading guilty on constitutional grounds, as well as any and all challenges that the defendant's admitted conduct does not fall within the scope of the applicable statute or statutes.

**17.**    **Later Legal Challenges:**  Additionally, the defendant expressly agrees not to contest, or seek to modify, the defendant's conviction or sentence or the manner in which either was determined in any later legal proceeding, including but not limited to, an action brought under 18 U.S.C. § 3582 or 28 U.S.C. § 2255. As concerns this Section 3582 waiver, should the

United States Sentencing Commission and/or Congress in the future amend the Sentencing Guidelines to lower the guideline range that pertains to the defendant's offense and explicitly make such an amendment retroactive, the United States agrees that it will not argue that this waiver bars the defendant from filing a motion with the district court pursuant to 18 U.S.C. § 3582(c)(2) based on that retroactive Guidelines amendment.  However, if the defendant files such a motion, the United States may oppose the motion on any other grounds.  Furthermore, should the defendant seek to appeal an adverse ruling of the district court on such a motion, the United States may claim that this waiver bars such an appeal.  As concerns the Section 2255 waiver, the waiver does not prevent claims, either on direct or collateral review, that the defendant received ineffective assistance of counsel.

**18.** **No Appeal of Supervised Release Term and Conditions**:  The parties' reservation of the rights to present evidence and arguments in this Court concerning the length and conditions of supervised release is not intended to be inconsistent with the Waiver of Appeal specified above, which includes a waiver of the right to appeal to the length and conditions of the period of supervised release.

### Part 9:  Presentence Investigation Report

**19.** The defendant requests and consents to the commencement of a presentence investigation by probation officers of the United States District Court for purposes of preparing a Presentence Investigation Report at this time and prior to the entry of a formal plea of guilty.

**20.** The defendant further requests and consents to the review of the defendant's Presentence Investigation Report by a Judge, defendant's counsel, the defendant, and the United States at any time, including prior to entry of a formal plea of guilty.

### Part 10:  Statement of the Defendant

**21.** By signing this document, the defendant acknowledges the following:

**a.** I have received a copy of the Indictment and have read and discussed it with my attorney. I believe and feel that I understand every accusation made against me in this case. I wish the Court to omit and consider as waived by me all readings of the Indictment/Information in open Court, and all further proceedings including my arraignment.

**b.** I have told my attorney the facts and surrounding circumstances as known to me concerning the matters mentioned in the Indictment, and believe and feel that my attorney is fully informed as to all such matters. My attorney has since informed, counseled and advised me as to the nature and cause of every accusation against me and as to any possible defenses I might have in this case.

**c.** I have read the entire Plea Agreement and discussed it with my attorney.

**d.** I understand all the terms of the Plea Agreement and those terms correctly reflect the results of plea negotiations.

**e.** Except for the provisions of the Plea Agreement, no officer or agent of any branch of United States (federal, state or local), nor any other person, has made any promise or suggestion of any kind to me, or within my knowledge to anyone else, that I would receive a lighter sentence, or probation, or any other form of leniency, if I would plead "Guilty." I respectfully request that the Court consider in mitigation of punishment at the time of sentencing the fact that by voluntarily pleading "Guilty" I have saved the United States and the Court the expense and inconvenience of a trial. I understand that before it imposes sentence, the Court will address me personally and ask me if I wish to make a statement on my behalf and to present any information in mitigation of punishment.

**f.** I am fully satisfied with my attorney's representation during all phases of

this case. My attorney has done all that anyone could do to counsel and assist me and that I fully understand the proceedings in this case against me.

  **g.**  I make no claim of innocence, and I am freely and voluntarily pleading guilty in this case.

  **h.**  I am pleading guilty as set forth in this Plea Agreement because I am guilty of the crime(s) to which I am entering my plea.

  **i.**  I understand that if convicted, a defendant who is not a United States Citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

  **j.**  My attorney has informed me, and I understand, that I have the right to appeal any conviction and sentence that I receive, unless I have waived my right to appeal as part of this Plea Agreement. If I have not waived my right to appeal, I understand that I must file a Notice of Appeal within fourteen (14) days of the entry of the judgment in this case; I further understand that the Clerk of the Court will prepare and file a Notice of Appeal on my behalf if I ask that to be done. I also understand that the United States has the right to appeal any sentence that I receive under this Plea Agreement.

  **k.**  My attorney has informed me, and I understand, that if I provide or cause to be provided materially false information to a judge, magistrate-judge, or probation office, then Section 3C1.1 of the Sentencing Guidelines allows the Court to impose a two-level increase in the offense level.

  **l.**  If this cause is currently set for trial on the Court's calendar, I request that this date be continued to permit the Court to consider this proposed guilty Plea Agreement. I further understand that any delay resulting from the Court's consideration of this proposed guilty

17

Plea Agreement, up to and including the date on which the Court either accepts or rejects my guilty plea, will be excluded in computing the time within which trial of this cause must commence, pursuant to 18 U.S.C. § 3161(h)(1)(G).

### Part 11: Certificate of Counsel

**22.** By signing this document, the defendant's attorney and counselor certifies as follows:

**m.** I have read and fully explained to the defendant all the accusations against the Defendant which are set forth in the Indictment in this case;

**n.** To the best of my knowledge and belief each statement set forth in the foregoing petition to enter plea of guilty and Plea Agreement is in all respects accurate and true;

**o.** The plea of "Guilty" as offered by the defendant in the foregoing petition to enter plea of guilty and Plea Agreement accords with my understanding of the facts as related to me by the defendant and is consistent with my advice to the defendant;

**p.** In my opinion, the defendant's waiver of all reading of the Indictment in open Court, and in all further proceedings, including arraignment as provided in Rule 10, Fed. R. Crim. P., is voluntarily and understandingly made; and I recommend to the Court that the waiver be accepted by the Court;

**q.** In my opinion, the plea of "Guilty" as offered by the defendant in the foregoing petition to enter plea of guilty and Plea Agreement is voluntarily and understandingly made and I recommend to the Court that the plea of "Guilty" be now accepted and entered on behalf of the defendant as requested in the foregoing petition to enter plea of guilty and Plea Agreement.

### Part 13: Final Provision

**23.** **Complete Agreement:** The defendant acknowledges that no threats, promises, or

behalf of the defendant as requested in the foregoing petition to enter plea of guilty and Plea Agreement.

### Part 13: Final Provision

23. **Complete Agreement:** The defendant acknowledges that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this document, to induce the defendant to plead guilty. This document is the complete and only Plea Agreement between the defendant and the United States Attorney for the Southern District of Indiana and is binding only on the parties to the Plea Agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified except in writing, signed by all parties and filed with the Court, or on the record in open court.

Respectfully submitted,

JOSH J. MINKLER
United States Attorney

2/28/19
DATE

Barry D. Glickman
Deputy Chief, Drug and Violent Crime Unit

2.28.19
DATE

Joe H. Vaughn
Chief, Criminal Division

2-22-2019
DATE

Joseph Pickett, Sr.
Defendant

2-27-19
DATE

Mary K. Zahn
Counsel for Defendant

2-27-19
DATE

Dennis E. Zahn
Counsel for Defendant