UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:17-cr-00106-TWP-TAB-1 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| JOSEPH PICKETT, SR. | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission, IT IS ORDERED that the motion is:

☐ DENIED WITHOUT PREJUDICE.

☒ DENIED. Mr. Pickett filed a second motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). Dkt. 412. In his motion, Mr. Pickett argues that he establishes extraordinary and compelling reasons for compassionate release because (1) he is at risk of severe illness should he contract COVID-19 due to his underlying medical conditions (hepatitis-C, liver cirrhosis, obesity and pre-hypertension); (2) there have been visitation restrictions due to COVID-19 which have rendered his time in prison more difficult; and (3) his medical conditions are severe. The Court concludes that it can resolve this motion without a response from the United States.

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that a court has broad

1

discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

"[F]or the many prisoners who seek release based on the special risks created by COVID-19 for people living in close quarters, vaccines offer far more relief than a judicial order. . . . [F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release." *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021). Mr. Pickett is fully vaccinated, dkt. 412 at 5, and he has presented no evidence that he is unable to receive or benefit from the vaccine. Additionally, Mr. Pickett "has not presented any evidence establishing that he is more at risk for an adverse outcome in prison than he would be if released." *United States v. Barbee*, 25 F.4th 531, 533 (7th Cir. 2022). Specifically, he has not presented "data showing that vaccinated prisoners are at materially greater risk of breakthrough infections than other vaccinated persons." *United States v. Avila*, No. 21-2383, dkt. 19 (7th Cir. Feb. 15, 2022); *United States v. Hoskins*, No. 21-2912, 2022 WL 2187558, at *1 (7th Cir. June 16, 2022) (emphasizing that a defendant needs individualized evidence of why, despite his vaccination, his medical risks are extraordinary compared to the general population). As a result, Mr. Pickett cannot show that the risk he faces from the COVID-19 pandemic is an extraordinary and compelling reason for relief under § 3582(c)(1)(A). *Barbee*, 25 F.4th at 533.

2

Similarly, Mr. Pickett's general complaints about COVID-19 related lockdowns and limitations on family visitation are not extraordinary and compelling reasons to release him. All inmates throughout the country were subjected to COVID-19 lockdowns and restrictions on visitation during the pandemic. While these issues might form the basis for relief in a civil suit, such allegations are not grounds for a sentence reduction under § 3582(c)(1)(A). *See United States v. Miller*, No. 21-1600, 2022 WL 2187555, at *1 (7th Cir. June 16, 2022) ("[T]o the extent that Miller challenges the conditions and medical care at [the prison] more generally, a compassionate-release motion is not the right vehicle") (cleaned up).

Finally, to the extent Mr. Pickett is attempting to argue that his medical conditions establish an extraordinary and compelling reason to grant him compassionate release, the Court disagrees. There is no indication that Mr. Pickett's conditions are debilitating, or that he is otherwise limited in self-care. On the contrary, he appears to currently be enrolled in an education tutor apprenticeship and has plans for employment with a paving company as a commercial equipment mechanic if he is released. Dkt. 412 at 5, 9.

Given the determination that Mr. Pickett has not shown extraordinary and compelling reasons to justify his release, the Court need not address whether he is a danger to the community and whether the sentencing factors listed in 18 U.S.C. § 3553(a) weigh in favor of his release. Even if he had made such a showing, however, the Court would nevertheless find that Mr. Pickett is not entitled to compassionate release because the § 3553 factors do not weigh in his favor.[1] In his

---

[1] The factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the defendant's crimes; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records

favor, Mr. Pickett has used his time in the BOP well and completed many courses and apprenticeships. Mr. Pickett has familial support and a job if he is released. Weighing heavily against him, however, Mr. Pickett's crimes, conspiracy to possess with intent to distribute and/or distribute 1,000 kilograms or more of marijuana (mixture) and money laundering conspiracy, are extremely serious. According to the presentence investigation report, Mr. Pickett ran a large scale, cross-country marijuana trafficking organization that procured and distributed over 8,000 pounds (3,636 kilograms) of marijuana during the course of the conspiracy. Dkt. 270. In 2019, the Court sentenced him to 135 months of imprisonment, and he is not scheduled to be released from custody for more than six years. *See* https://www.bop.gov/inmateloc/ (last visited June 28, 2022) (identifying Mr. Pickett's release date as Sept. 22, 2028). Releasing Mr. Pickett now would be a significant windfall.

In light of these considerations, the Court finds that releasing Mr. Pickett now would not: reflect the seriousness of the offense; promote respect for the law; provide just punishment for the offense. *See United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021) ("all a district judge need do is provide a sufficient reason for [denying relief under § 3582(c)(1)]. One good reason for denying a motion such as Ugbah's is enough; more would be otiose.").

For the reasons stated above, Defendant's motion for compassionate release, dkt. [412], is **denied**.

    **IT IS SO ORDERED.**

Dated: 7/1/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

---

who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

Distribution:

Joseph Pickett, Sr.
Reg. No. 15831-028
FCI Terre Haute
Federal Correctional Institution
Satellite Camp
P.O. Box 33
Terre Haute, IN 47808

All Electronically Registered Counsel